FINCHER, APPELLANT, *v.* CANTON CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE AND CROSS-APPELLEE; CANTON PROFESSIONAL EDUCATORS' ASSOCIATION, APPELLEE AND CROSS-APPELLANT.

[Cite as *Fincher v. Canton City School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 228.]

(No. 90–1735—Submitted October 16, 1991—Decided December 18, 1991.)

230

*Roetzel & Andress, Gary W. Spring* and *Paul L. Jackson,* for appellant.

*Squire, Sanders & Dempsey, Eric M. Oakley* and *Martin Harris; Albu, Ionno & Chapman* and *Thomas P. Albu,* for appellee and cross-appellee Canton City School District Board of Education.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Anne Piero Silagy,* for appellee and cross-appellant Canton Professional Educators' Association.

---

WRIGHT, J.  This case requires our interpretation of R.C. 3307.35.  That provision, which governs the establishment of early retirement plans under the State Teachers Retirement System, reads in relevant portion as follows:

"An employer may establish a retirement incentive plan for its employees who are members of the state teachers retirement system.  The plan shall provide for purchase by the employer of service credit for eligible employees who choose to participate in the plan and for payment by the employer of the entire cost of such service credit.  A plan established under this section shall remain in effect until terminated by the employer, except that, once established, the plan must remain in effect for at least one year."

At issue in the case at bar is the meaning of the clause "the plan must remain in effect for at least one year."  Appellant asserts that the clause requires a plan established under R.C. 3307.35 to be open for application for an entire year, arguing that the Board's application period fell impermissibly short of the one-year time frame.  Appellees contend that the clause in question is not directed to the application period during which prospective retirees may submit the proper forms to initiate early retirement, but rather to the period from which the retiree, once qualified for early retirement, may select a starting date for his retirement.

In interpreting the meaning of a phrase within a statute, this court is bound by legislative direction to presume that the *entire* statute is intended to be effective.  R.C. 1.47(B).  We also must presume that the statute is intended to provide a just and reasonable result that is feasible of execution.  R.C. 1.47(C) and (D).  The interpretation we adopt must adhere to those abiding and basic principles of statutory construction.

Our reading of the statute indicates that an application deadline short of the minimum one-year period during which the plan had to be in effect is consistent with the legislature's intent in permitting the establishment of retirement incentive plans for educators.  As a part of the statutory framework for such early retirement programs, the legislature provided in R.C. 3307.35 that an employer could limit, on the basis of seniority, the number of its employees who would be permitted to retire early.  In order to implement that provision of the statute, it is clear that some cutoff date would of necessity be permitted.  Absent such a deadline, a plan with a cap on participation could result in a system in which the quota would be filled by

those who were first in line with a completed application, without the critical consideration of seniority.

In order to give full effect to the entire statute, and in particular to the provision protecting the seniority rights of workers with respect to their eligibility for early retirement, we are compelled to agree with the interpretation urged by appellees and adopted by the courts below. Accordingly, we hold that the requirement in R.C. 3307.35 that a retirement incentive plan "remain in effect for at least one year" does not preclude the establishment of an application period for such a plan that expires less than a year after the plan is adopted.

Appellant's proposition of law must be overruled. In view of our decision, we find it unnecessary to address CPEA's cross-appeal. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.