The STATE of Ohio, Appellant,

v.

COLE, Appellee.

[Cite as *State v. Cole* (1994), 94 Ohio App.3d 629.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930280.

Decided March 23, 1994.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellant.

*Richard J. Goldberg,* appellee.

---

SHANNON, Presiding Judge.

Christopher J. Cole III, defendant-appellee, was charged with the crime of failing to provide adequate support to his child, Justin M. Schmitz. Cole requested that the trial court dismiss a portion of his indictment. That portion was a specification that elevated the nonsupport crime from a misdemeanor to a felony. The trial court granted the motion, and from that order, the state brings this appeal.[1]

The crime with which Cole was charged, as codified in R.C. 2919.21(A)(2), is defined in these terms:

"No person shall abandon, or fail to provide adequate support to:

" * * *

"(2) His or her legitimate or illegitimate child who is under age eighteen."

A person who violates the statute is guilty of nonsupport, which is a misdemeanor of the first degree. If a defendant also is found guilty of certain specifications, however, the misdemeanor is elevated to a fourth-degree felony. The specifications from the statute read:

"If the offender *previously has been convicted* of * * * a violation of division (A)(2) of this section or if *there has been a court finding* that the offender has failed to provide support under division (A)(2) of this section for * * * twenty-six weeks out of one hundred four, then a violation of division (A)(2) of this section is a felony of the fourth degree." (Emphasis added.) R.C. 2919.21(E).

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

### I. Must the State Allege a *Prior* Court Finding?

Cole argues that the trial court was correct when it ruled that the state had to allege in the indictment that there had been a "prior" court finding of twenty-six weeks' nonsupport. Consequently, Cole contends, because there had not been a prior court finding, the trial court correctly dismissed the specification from his charge. The state, in its single assignment of error, asserts that there is no feasible procedure to have a prior court finding of twenty-six weeks' nonsupport. It maintains that the court finding should be made during the contemporaneous criminal trial.

Generally, an indictment must allege all elements of the crime. *State v. Jester* (1987), 32 Ohio St.3d 147, 149, 512 N.E.2d 962, 965; Crim.R. 7(B). With regard to the meaning of an "element" of a crime, a specification that elevates a crime from a misdemeanor to a felony is an element, not a penalty enhancement. *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 437–438, 506 N.E.2d 199, 201. Therefore, here, the provision in R.C. 2919.21(E) that elevates nonsupport from a misdemeanor to a felony is an element of the crime and must be stated in the indictment.

The issue is, therefore, what must be pleaded in the indictment: the "court finding" or just the twenty-six weeks? Two courts of appeals have held that the court finding may be made during the existing prosecution; consequently, the twenty-six weeks, but not the court finding, must be pleaded in the indictment. *State v. Bale* (Dec. 7, 1993), Delaware App. No. 93CAA01001, unreported, 1993 WL 535450; *State v. Sanders* (May 1, 1992), Wood App. No. 91WD109, unreported, 1992 WL 89616. For the reasons that follow, we agree.

### II. Language of the Statute

#### A. "Prior"

When the court examines a statute, it first looks to the language employed by the legislature. *Columbus & Franklin Cty. Metro. Park Dist. v. Shank* (1992), 65 Ohio St.3d 86, 103, 600 N.E.2d 1042, 1056; *Iddings v. Bd. of Edn. of Jefferson Cty. School Dist.* (1951), 155 Ohio St. 287, 290, 44 O.O. 294, 295, 98 N.E.2d 827, 829. Here, Cole contends that the language of the statute should be read with the following addendum: If there has been a "prior" court finding of twenty-six weeks of nonsupport, a violation is a felony of the fourth degree. As support for this argument, Cole cites *State v. Messer* (1992), 62 Ohio Misc.2d 232, 597 N.E.2d 568.

Contrary to Cole's argument, when construing a statute, the court is not required to insert words into a statute to add to the elements of a crime. *State*

*ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332, 335; *State v. Merriweather* (1980), 64 Ohio St.2d 57, 59, 18 O.O.3d 259, 260–261, 413 N.E.2d 790, 791–792. In this case, the statute does not say a "prior" court finding. Instead, it merely reads: If "there has been a court finding" of twenty-six weeks of nonsupport, then a violation is a felony. Therefore, there is no need to insert the word "prior" into the specification.

■ Also, when the legislature has not used restrictive language in a statute, the court will presume that it intended the general meaning of the words. *Thompson Elec., Inc. v. Bank One, Akron, N.A.* (1988), 37 Ohio St.3d 259, 264, 525 N.E.2d 761, 767 (statute excludes restrictive language); *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals* (1988), 40 Ohio St.3d 41, 42–43, 531 N.E.2d 685, 687 (statute includes restrictive language). The Ohio Revised Code contains at least fifty criminal statutes in which prior convictions are elements of subsequent crimes.[2] Indeed, the other felony specification in this nonsupport statute reads: "If the offender *previously* has been convicted of * * * a violation of division (A)(2) of this section," a violation is a felony. (Emphasis added.) R.C. 2919.21(E). Likewise, in the other statutes that contain prior-conviction specifications, the legislature specifically has required that the conviction be "previous" to the indictment. See, generally, *State v. Brantley* (1965), 1 Ohio St.2d 139, 30 O.O.2d 489, 205 N.E.2d 391, syllabus. In this case, therefore, if the legislature had intended a "prior" court finding, it would have included that word in the specification.

B. "Has Been"

Cole further argues that, because the statute states "if there *has been* a court finding," (emphasis added), the court must presume that the legislature intended the finding to precede the indictment. The Revised Code contains other examples where the legislature describes a court determination in the past tense, *i.e.,* it "has been" found. For instance, in R.C. 2925.11(H), the statute states that a pregnant woman "who has been convicted," but not yet sentenced, for drug abuse may participate in a rehabilitation program in lieu of imprisonment. Concerning parents of adopted children, R.C. 3107.41(C)(4)(d)(i) states that a court may release certain information if it "has determined that each biological parent" is deceased. When the state is seeking placement of an incapacitated person, R.C. 5101.67(C) provides that the court shall not order an institutional placement

---

**2.** See, generally, R.C. 2903.06, 2903.07, 2903.08, 2903.13, 2903.16, 2903.211, 2903.214, 2903.34, 2905.04, 2905.05, 2907.09, 2907.32, 2907.321, 2907.322, 2907.323, 2911.32, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.41, 2913.42, 2913.46, 2913.47, 2913.81, 2915.03, 2915.05, 2915.06, 2915.09, 2917.21, 2919.12, 2919.22, 2919.231, 2919.25, 2919.251, 2919.27, 2921.13, 2923.12, 2923.122, 2923.161, 2925.03, 2925.11, 2925.12, 2925.13, 2925.22, 2925.23, 2925.31, 2925.32, 2925.36, 2925.37, and 2927.02.

unless it "has made a specific finding" that there is no less restrictive placement for the individual. Finally, in military prosecutions, R.C. 5924.44(B) states that, when a defendant, in a second trial on the same offense, "has been found guilty [on] any charge or specification," he has not suffered double jeopardy until the case is fully completed.

In each of these statutes, the legislature refers to the findings in the past tense. Furthermore, in each case, the findings are made some time before the conclusion of the contemporaneous proceeding, but not in a prior adjudication. Consequently, there is no reason to determine that, in this case, the language necessarily mandates a court finding made prior to the indictment. Therefore, even though the language of the statute does not explain who should make the court finding or when it should be made, at a minimum, it does not preclude a court finding during the current proceeding.

### III. Construction of Statute

█ When the language of a statute creates an ambiguity, it is necessary to employ the rules of statutory construction to determine the intent of the legislature. See, generally, *Cline v. Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80. On the basis of the rules of construction, the alternative that presents the most, perhaps only, feasible option for a court finding is for the state to prove the twenty-six weeks of nonsupport during the existing criminal trial.

#### A. Prior Conviction under R.C. 2919.21(A)(2)

█ The first option for a twenty-six-week court finding would be for the determination to be made during a prior conviction under R.C. 2919.21(A)(2). As a general matter, a prior criminal conviction may be an element of a subsequent offense. *Allen,* 29 Ohio St.3d at 55, 29 OBR at 438, 506 N.E.2d at 201; *State v. Henderson* (1979), 58 Ohio St.2d 171, 176, 12 O.O.3d 177, 179–180, 389 N.E.2d 494, 497. To adopt the prior-conviction interpretation, however, would be to violate the rule that directs the court to give effect to the entire statute. See, generally, R.C. 1.47(B).

In this case, R.C. 2919.21(E) contains two specifications that can be used to elevate a misdemeanor to a felony. The first specification allows the state to elevate the violation by proving that the defendant previously had been convicted under R.C. 2919.21(A)(2). Therefore, all prior R.C. 2919.21(A)(2) violations—with or without twenty-six weeks of nonsupport—would elevate the crime to a felony. There would be no need for the twenty-six-week finding because the conviction alone would raise the classification of the crime. Consequently, to require the twenty-six-week court finding to be made during a prior R.C. 2919.21(A)(2) conviction would render the twenty-six-week specification surplusage. Because

this interpretation would mean that the entire statute would not be effective, we must presume that the legislature did not intend that result.

### B. Prior Proceeding under R.C. 2919.21 Without a Conviction

The second option is for the twenty-six-week court finding to be in a prior proceeding under R.C. 2919.21(A)(2), in which the defendant was not convicted. This option, however, probably would be unconstitutional. See, generally, *Cincinnati v. De Golyer* (1971), 25 Ohio St.2d 101, 106, 54 O.O.2d 232, 234–235, 267 N.E.2d 282, 285; R.C. 1.47(A). Even though previous convictions may be used as elements of subsequent crimes, there are limits on the use of factual findings from prior proceedings. For instance, a prior conviction that was obtained without the constitutional protection of right to counsel may not be an element of a subsequent crime. *Baldasar v. Illinois* (1980), 446 U.S. 222, 226–227, 100 S.Ct. 1585, 1587–1588, 64 L.Ed.2d 169, 173–175; *State v. Brandon* (1989), 45 Ohio St.3d 85, 87, 543 N.E.2d 501, 503; *State v. Wang* (Jan. 25, 1984), Hamilton App. No. C–830287, unreported, 1984 WL 13997.

By way of analogy, prior proceedings that do not result in a legal ascertainment of guilt or do not provide the full panoply of due process rights may not be used to provide facts in subsequent criminal prosecutions. For example, when a defendant pleads guilty to a crime, but the court has not yet entered a final judgment of conviction, the guilty plea may not be used as a prior-conviction specification in a subsequent prosecution. *Henderson,* 58 Ohio St.2d at 176, 12 O.O.3d at 179–180, 389 N.E.2d at 497. In a closely related matter, the United States Supreme Court has held that a constitutionally invalid conviction cannot be used even to enhance a sentence for a subsequent crime. *United States v. Tucker* (1972), 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592, 597. Similarly, an administrative deportation order that does not provide the deportee with a right to appeal may not be used as an element of a subsequent crime. *United States v. Mendoza–Lopez* (1987), 481 U.S. 828, 837–838, 107 S.Ct. 2148, 2155, 95 L.Ed.2d 772, 781–783.

If the twenty-six-week court finding was in a prior R.C. 2919.21(A)(2) proceeding in which there was no conviction, the finding may have been made with an involuntary statement by the accused or without the assistance of counsel. In addition, it necessarily would not have been tested on appeal. Therefore, it would run counter to the policies of *Baldasar, Henderson, Tucker,* and *Mendoza–Lopez.* Consequently, the prior court finding without a conviction probably would be unconstitutional. We must presume, therefore, that the legislature did not intend that alternative.

## C. Proceeding Under Different Statute

The third possible option for finding the twenty-six weeks of nonsupport is in a proceeding under a different statute. The court, however, must first look to the language of the statute. *Columbus & Franklin Cty. Metro Park Dist.*, 65 Ohio St.3d at 103, 600 N.E.2d at 1056. Here, the statute states specifically that the court must find that the defendant failed to provide support "under division (A)(2) of this section." R.C. 2919.21(E).

 Even if that restriction were not in the statute, findings under other sections of the Revised Code would not necessarily satisfy the constitutional standard of proof or the statutory standard of care needed to prove a violation of this statute. The Revised Code contains numerous statutes in which child-support orders can be enforced by contempt.[3] The general rule, however, is that facts found in civil proceedings may not be used to establish essential elements in a criminal prosecution. *State v. Snyder* (1952), 157 Ohio St. 15, 47 O.O. 24, 104 N.E.2d 169, paragraph one of the syllabus. For example, in a divorce action, the trial court may find that the husband is the father of two children born during the marriage. *Id.* at 18, 47 O.O. at 25, 104 N.E.2d at 171. That finding, however, may not be used to resolve a disputed paternity issue involving the two children in a subsequent criminal nonsupport trial. *Id.*[4] Because, in this case, the twenty-six-week finding from a civil contempt proceeding would have been found only by a preponderance—not beyond a reasonable doubt—it would not be binding in the subsequent criminal trial. *Id.* at 19, 47 O.O. at 25–26, 104 N.E.2d at 171. Therefore, in a criminal case under R.C. 2919.21(A)(2), the prior court finding of twenty-six weeks of nonsupport from a civil proceeding could not be used as an element of the crime.

 Some courts have opined that child-support orders may be enforced in criminal contempt proceedings. See, *e.g.*, *Peters v. Peters* (1990), 69 Ohio App.3d 275, 277, 590 N.E.2d 777, 778. When a court uses its powers of contempt to punish or to incarcerate a defendant, the accused is entitled to many criminal due process protections, including proof beyond a reasonable doubt. *Johnson v. Zurz* (N.D.Ohio 1984), 596 F.Supp 39; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610.

 Even though a criminal contempt action may prove beyond a reasonable doubt that the defendant has not obeyed a child-support order, it would not be sufficient to prove that he or she has failed to meet the statutory adequate-

---

3. R.C. 2151.23, 3105.18, 3105.21, 3109.05, 3111.15, 3111.242.

4. A paternity finding under R.C. 3111.12, however, may be used for other purposes. See, generally, R.C. 3111.13(A).

support standard within the meaning of R.C. 2919.21(A)(2).[5] In a prosecution for R.C. 2919.21(A)(2), the defendant is entitled to have a jury determine whether, "based on all the relationships and circumstances involved," the number and amount of payments that the defendant made necessarily constitute a violation of the statute. *State v. Oppenheimer* (1975), 46 Ohio App.2d 241, 252–253, 75 O.O.2d 404, 410–411, 348 N.E.2d 731, 739–740. Therefore, even though the defendant's failure to meet a child-support order would have been established in a criminal contempt proceeding, the statutory standard of adequate support would not have been proven.

The language of the statute precludes a court finding under a different statute. Even if it did not, a contempt proceeding would not meet the constitutional reasonable-doubt requirement or the statutory adequate-support standard. We must presume, therefore, that the legislature did not intend the court finding to be under a different statute.

D. Contemporaneous Criminal Prosecution

The state argues that it should be allowed to prove the twenty-six weeks of nonsupport during the existing criminal prosecution. When construing an ambiguous statute, the court is required to interpret the language strictly against the state and liberally in favor of the accused. R.C. 2901.04. Even when construing a criminal statute, however, the court uses the common, ordinary meaning of the words employed by the legislature. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 345–347, 626 N.E.2d 939, 941; *State v. Bayless* (1976), 48 Ohio St.2d 73, 96, 2 O.O.3d 249, 261–262, 357 N.E.2d 1035, 1050, reversed on other grounds *sub nom. Bayless v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155; R.C. 1.42. In addition, when there is a reasonable method to implement the statute, the court will choose that means to achieve the intent of the legislature. *Fincher v. Canton City School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 228, 231, 581 N.E.2d 523, 525; R.C. 1.47.

In this case, nothing in the language of the statute prevents the court finding from being made during the existing proceeding. In addition, there is no constitutional impediment to prevent the court finding from being made during the present trial because the twenty-six weeks of nonsupport would be made with all the due process protections provided in the rest of the trial. Finally, the practicality of this approach is illustrated by at least thirty other criminal statutes

---

**5.** R.C. 2919.21(A)(4) makes it a crime not to support a person whom the court has ordered the defendant to support. In that case, the *duty* to support may be established by a prior civil proceeding. *State v. Brown* (1982), 5 Ohio App.3d 220, 5 OBR 504, 451 N.E.2d 1232.

that raise the classification of an offense when an additional factual finding has been made by the judge or jury.[6] For example, R.C. 2919.22 raises the crime of child endangering from a first-degree misdemeanor to a fourth-degree felony if the violation results in "serious physical harm." Similarly, R.C. 2919.23 raises interference with custody from a third-degree misdemeanor to a fourth-degree felony if the child is "harbored in a foreign county."

### IV. Conclusion

The language of R.C. 2919.21(A)(2) does not prevent the court finding from taking place during the existing prosecution. Also, statutory language and constitutional impediments either preclude other alternatives or make them unfeasible. Therefore, we must presume that the legislature did not intend those alternatives to prevent a contemporaneous court finding. As a result, the state need not plead a "prior" court finding in the indictment. Consequently, the trial court erred by dismissing that portion of the indictment that alleged that Cole failed to provide support for twenty-six weeks out of one hundred four.

Accordingly, the state's assignment of error is sustained, and the order of the trial court is reversed. This cause is remanded to the trial court for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

DOAN and M.B. BETTMAN, JJ., concur.

---

6. See, generally, R.C. 2903.11, 2903.12, 2903.13, 2905.01, 2905.04, 2907.04, 2907.22, 2909.05, 2909.06, 2909.07, 2909.08, 2913.02, 2913.04, 2913.11, 2913.21, 2913.40, 2913.42, 2913.43, 2913.46, 2913.47, 2913.51, 2913.71, 2913.81, 2915.05, 2917.11, 2917.41, 2919.22, 2919.23, 2921.13, 2923.02, 2923.12, 2923.31, 2925.03, 2925.11, 2925.13, 2925.14, and 2925.43.