DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Timothy Ringkob has appealed from his conviction in the Summit County Common Pleas Court on two counts of nonsupport of dependents, violations of Section 2919.21(A)(2) of the Ohio Revised Code. He has argued that: (1) the trial court incorrectly received testimony regarding the Child Support Enforcement Agency's collection efforts to prove that he was not adequately supporting his children; (2) the trial court incorrectly overruled his motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure; and (3) the trial court incorrectly failed to define the term "adequate" in its instructions to the jury. This Court affirms the judgment of the trial court because: (1) the testimony concerning the Child Support Enforcement Agency's collection efforts was relevant evidence that was properly received; (2) the jury's verdict was supported by sufficient evidence; and (3) the term "adequate" is defined by common usage and did not need to be specifically defined by the trial court.
 I.
Defendant married on December 30, 1974. He and his wife had two children during the marriage. Shortly after getting married, defendant started work in Akron, Ohio. When the plant at which he worked closed, he took a job in Oklahoma and moved there with his wife. His first daughter was born during their stay in Oklahoma.
During 1981, when his wife was pregnant with their second child, defendant told her that he had been transferred back to Ohio. She came back to Akron to find a place to live. Defendant, however, did not follow. Rather, he told his wife that his transfer had been postponed. He returned for just three days during the week that his second daughter was due, but then went back to Oklahoma. Several days after that child was born, defendant telephoned his wife and told her that "he wanted to do his thing, have his freedom, and * * * he wanted [his wife] to support [herself] and the girls." Although he called several times after that conversation, his wife never saw him again.
Defendant's wife filed for divorce during 1982. The divorce decree required defendant to pay $40 per week per child in child support. Contrary to that order, defendant did not make regular payments of child support. Only three payments were made during 1982. The Child Support Enforcement Agency searched for defendant and found him in Minnesota during 1987. Through the Minnesota courts, the Child Support Enforcement Agency obtained a support order of $341 per month for the two children. Only four payments were collected in Minnesota. The total amount that defendant paid, including the three payments made during 1982, was just over $1500.
Defendant disappeared again from 1987 until 1996, when he was found in Tennessee. A Summit County Sheriff's detective flew to Tennessee and arrested him. He was charged with two counts of violating Section 2919.21(A)(2) of the Ohio Revised Code. Violations of Section 2919.21(A)(2) are usually first-degree misdemeanors. See Section 2919.21(E) of the Ohio Revised Code. The indictment, however, contained a specification charging defendant with failing to provide adequate support for 26 weeks during a period of 104 consecutive weeks. That specification increased the offense to a fourth-degree felony. See Id.
Defendant pleaded not guilty, and the case went to trial April 7, 1997. Defendant claimed that he had been unable to support his children because he had had no money. He further claimed that he had moved several times since the divorce and, at one time, had been homeless for a few months. He testified that his wife had collected a severance check of approximately $3000, paid after he lost his job in Oklahoma. He further asserted that his wife obtained another $10,000 when his parents forgave a loan they had made to the couple for a farm. He also claimed that he had been listed in the telephone directory during the years that the Child Support Enforcement Agency was looking for him.
The jury returned a verdict of guilty on both counts. It further found that defendant had failed to provide adequate support for 26 weeks out of 104 consecutive weeks. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly received testimony regarding the Child Support Enforcement Agency's collection efforts to prove that he was not adequately supporting his children. Although his argument on this issue is not very clear, it apparently is that efforts by the Child Support Enforcement Agency to collect from him constituted a civil proceeding in which he was not afforded due process. As such, he has asserted, testimony regarding those collection efforts should not have been admissible to prove his guilt because "prior proceedings that do not result in a legal ascertainment of guilt or do not provide the [full] panoply of due process rights may not be used to provide facts in subsequent criminal prosecutions." Appellant's Brief at 8, quoting State v. Cole
(1994), 94 Ohio App.3d 629, 636.
In Cole, the defendant was charged with failing to provide adequate support pursuant to Section 2919.21(A)(2) of the Ohio Revised Code. Pursuant to Section 2919.21(E), if there has been a court finding that the offender has failed to provide support under Section 2919.21(A)(2) for 26 weeks out of 104, then a violation of division (A)(2) of that section is a felony of the fourth degree. The issue before the court in Cole was whether the State could prove the failure to provide support for 26 out of 104 weeks as part of the criminal prosecution or whether it was required to rely upon a "prior court finding" in order to prove the specification. The court concluded that the State did not have to prove a "prior court finding," but rather could prove nonsupport for 26 out of 104 weeks as part of the same criminal prosecution in which defendant was convicted of violating Section2919.21(A)(2). See Cole, supra, at 633. In reaching that conclusion, among other things, the court wrote that receiving evidence of a factual finding from a prior proceeding to prove an element of a criminal offense would most likely be unconstitutional, especially if that finding had been made during a proceeding that did not afford the defendant due process rights. See Id. at 636.
Cole has no application to this case. The Child Support Enforcement Agency's collection effort was not a judicial proceeding in which factual findings were made that were subsequently used against him in his criminal trial. Even if the collection effort could be viewed as a civil proceeding in which defendant was not afforded due process rights, no findings from that civil collection effort were given preclusive effect by the trial court or the jury in defendant's criminal prosecution. Testimony from the Child Support Enforcement Agency's agent was relevant to the issue of whether defendant had made payments for the support of his children. The State presented evidence that the Child Support Enforcement Agency was unsuccessful in obtaining the payments that defendant owed and that he had paid just over $1500 in support since his divorce. That testimony was evidence demonstrating defendant's lack of support for his children. The jury was free to believe or disbelieve it. The trial court did not err when it received that testimony. See Cole, supra, at 638 (defendant was entitled to have a jury determine whether, "based on all the relationships and circumstances involved," the number and amount of payments made necessarily constituted a violation of the statute).
Further, defendant admitted that he had not provided support for his children. On direct examination, he testified that he had not made any payments from at least 1992 through 1996 because he did not have any money. Even if the trial court's admission of testimony by the Child Support Enforcement Agency's agent concerning the prior attempts to collect payments from defendant had been error, defendant would not have been prejudiced by that error. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly denied his motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure. He has argued that the State failed to present any evidence concerning the adequacy of his support. As such, according to defendant, the evidence was insufficient to sustain his convictions.
Rule 29(A) of the Ohio Rules of Criminal Procedure provides that the trial court "shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A motion pursuant to Rule 29(A) is a challenge to the sufficiency of the evidence. See State v. Thompkins (1997),78 Ohio St.3d 380, 386. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Defendant was convicted of violating Section 2919.21(A)(2) of the Ohio Revised Code, which provides that no person shall abandon or fail to provide adequate support to his child who is under the age of eighteen. In addition, if there is a court finding that the offender has failed to provide support for 26 weeks out of 104 consecutive weeks, the violation is a fourth-degree felony. The State presented evidence that defendant had made only three payments while he was in Oklahoma and four more during his stay in Minnesota. All together, he provided just over $1500 toward the support of his children. He did not visit them, had never seen his youngest daughter, and sent only one small gift to each child when they were young. Defendant admitted that he provided no support from at least 1992 through 1996. Instead of contesting the accusations of nonsupport, he relied on an affirmative defense, namely, that he was unable to provide adequate support to his children because he had no money.[1] Defendant's conviction was not based on insufficient evidence.
Defendant has also argued that the State presented no evidence that his children "went without." He has pointed to the fact that both his former wife and her husband provided support to the children. Defendant's argument, however, is without merit. That others are providing support to a child is not a defense to prosecution under Section 2919.21(A)(2). State v. Schaub (1984),16 Ohio App.3d 317, 319. See, also, State v. Mays (Feb. 14, 1995), Franklin App. No. 94APA08-1150, unreported, 1995 Ohio App. LEXIS 556, at *5. Defendant's second assignment of error is overruled.
 C.
Defendant's third assignment of error is that the trial court incorrectly failed to define the term "adequate" in its instructions to the jury. He has argued that the jury did not know what "adequate" meant and, therefore, could not find that defendant failed to provide adequate support.
Defendant has admitted that he did not object to these instructions at trial. Absent plain error, therefore, this Court will not reverse the trial court's actions. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In this case, the trial court did not err by failing to define the term "adequate." A trial court need not define terms of common usage. State v. Jacobs (1995), 108 Ohio App.3d 328,334; see, also, Section 1.42 of the Ohio Revised Code. The trial court instructed the jury as follows:
 Now, the Ohio law on support of dependents states as follows: no person shall fail to provide adequate support to his or her legitimate child who is under the age of 18.
* * *
 So that before you can find the defendant guilty of this nonsupport or these, I should say both of them, charges, you must find between those dates in September, [19]82, through June of [19]96, you must find beyond a reasonable doubt and in Summit County, Ohio, that the defendant failed to provide adequate support to his legitimate children, that's two of them, under the age of * * * 18.
The trial court was not required to define the term "adequate." Indeed, trial courts should limit definitions, when possible, to those provided by the legislature to avoid unnecessary confusion and needless appellate challenges. Jacobs,supra, at 334, citing State v. Williams (1988), 38 Ohio St.3d 346,356, fn. 14. The legislature did not define the term "adequate." Consequently, the jury was required to supply the common, everyday usage of that term. This Court cannot conclude that the trial court incorrectly assigned that task to the jury.
Defendant contributed just over $1500 to the support of his children since 1982. Such a contribution is not adequate, even under the most generous interpretation of that word. Plain error did not occur in this case. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
SLABY, J. CONCUR.
[1] There was evidence contrary to defendant's claim of no money.