JOURNAL ENTRY AND OPINION
Plaintiff-appellant the State of Ohio ("state") appeals from the trial court's order granting defendant-appellee Shawn Murphy's motion for shock probation.
The state assigns the following error for review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SHOCK PROBATION PURSUANT TO R.C. 2947.061 BECAUSE THE TRIAL COURT LACKED JURISDICTION SINCE THE STATUTE HAS BEEN REPEALED, EFFECTIVE JULY 1, 1996.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On July 6, 1995, Shawn Murphy pled guilty to one count of aggravated arson and was sentenced to a term of five to twenty-five years. On June 8, 1999, Murphy filed a motion for shock probation pursuant to former R.C. 2947.061. The trial court held a hearing on the matter on July 21, 1999. At the hearing, the state argued that, because R.C. 2947.061 was repealed on July 1, 1996, the trial court did not have jurisdiction over the motion for shock probation. The trial court rejected the state's stance on the issue and determined that shock probation was available to a person sentenced prior to the effective date of Am.Sub.S.B. No. 2. After hearing testimony on the merits of the motion, the trial court granted Murphy's motion for shock probation.
 II.
In its sole assignment of error, the state contends the trial court erred in granting Murphy's motion for shock probation. The state argues that the clear intent of the General Assembly was to repeal R.C. 2947.061 under all circumstances. The state maintains that this intent means that the trial court was without jurisdiction to grant the motion.
Am.Sub.S.B. No. 2 significantly changed the sentencing structure of Ohio's criminal code. Section 5 of Am.Sub.S.B. No. 2 provides:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
Am.Sub.S.B. No. 2 repealed R.C. 2947.061. Prior to effective date of the act, the General Assembly passed Am.Sub.S.B. No. 269, which also had an effective date of July 1, 1996. Section 12 of Am.Sub.S.B. No. 269 stated:
 The repeal by this act of section 2947.061 of the Revised Code is intended to confirm the results intended by the General Assembly in enacting Am. Sub. S.B. 2 and Sub. H.B. 4 of the 121st General Assembly. Both acts passed on June 29, 1995. Am. Sub. S.B. 2 repealed the section while Sub. H.B. 4 amended it. The existence of the section is therefore uncertain. The intention of the General Assembly was for the section to be neither continued nor revived as the results of its amendments by Sub. H.B. 4, but rather for the section to be repealed as provided in Am. Sub. S.B. 2.
The crux of the state's appeal is that Section 12, Am.Sub.S.B. 269 demonstrates the intent of the General Assembly to deny shock probation to a defendant who committed an offense prior to July 1, 1996.
When determining legislative intent, a court should give significance and effect to every word, phrase, sentence, and part thereof, if possible. State v. Wilson (1997), 77 Ohio St.3d 334. Another rule of construction to consider is found in R.C.2901.04(A) which states that criminal code sections defining offenses or penalties are to be construed strictly against the state and liberally in favor of the accused. R.C. 2901.04(A) applies where statutory language is ambiguous and requires further interpretation. State v. Cole (1994), 94 Ohio App.3d 629.
In State v. Rush (1998), 83 Ohio St.3d 53, the Supreme Court of Ohio held that the amended sentencing provisions of Am.Sub.S.B. No. 2 only applied to crimes committed on or after July 1, 1996, the effective date of the statute. Id. at paragraph two of the syllabus. The court noted that Am.Sub.S.B. No. 269 specifically states that defendants who committed crimes before the effective date shall be sentenced under the law in existence at the time of the offense.
State v. Houston (Apr. 21, 1998), Allen App. No. 1-97-69, unreported, concerned a motion for shock probation and/or judicial release. The Third District Court of Appeals stated that the parole system in place prior to July 1, 1996, was available because the defendant was convicted and sentenced before that date. The court relied on R.C. 1.58(A)(2) and (4). R.C. 1.58 provides in part that the repeal of a statute does not affect any right, privilege, obligation, penalty, punishment, or remedy previously acquired, as if the statute had not been repealed.
The state argues that the General Assembly made its intent clear that shock probation was not to continue after July 1, 1996. However, what exactly the legislature meant by "continue" is uncertain and ambiguous. Both Am.Sub.S.B. No. 2 and Am.Sub.S.B. 269 state that a person tried and sentenced prior to the effective date of the act will be subject to the revised code provisions in effect at the time. Perhaps in Section 12 of Am.Sub.S.B. No. 269, the legislature intended that an accused committing an offense before July 1, 1996, but sentenced after that date, be denied shock probation. The legislature also may have wanted to make clear that R.C. 2947.061 was repealed and not amended, but did not intend to affect those sentenced before July 1, 1996. Because the meaning of the term "continue" is not clear, the provision will be strictly construed against the state and liberally construed in favor of the defendant. Further, the holding of Rush favors this interpretation. The prospective application of Am.Sub.S.B. No. 2 denies Murphy the benefit of judicial release under R.C. 2929.20. Therefore, we hold the General Assembly intended that R.C. 2947.061
be available to a defendant who was tried and sentenced prior to the effective date of the act.
The state's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. J. CONCURS; and DIANE KARPINSKI, P.J., CONCURS
(See Concurring Opinion Attached).
 _______________________ LEO M. SPELLACY, JUDGE