THE STATE OF OHIO, APPELLEE, *v.* ABBOUD, APPELLANT.

(No. 46776—Decided December 5, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. James R. Willis,* for appellant.

JACKSON, P.J. Appellant was indicted and tried for two counts of carrying a concealed weapon, a violation of R.C. 2923.12. During closing argument, defense counsel informed the jury that if convicted, appellant faced "a mandatory prison sentence." The state moved for a mistrial, which the court granted. Appellant contends on appeal that there did not exist sufficient grounds to declare a mistrial, and that therefore the Double Jeopardy Clause of the United States Constitution bars the state of Ohio from prosecuting him further upon this charge. He also contends he had the right to inform the jury of the fact he would face a mandatory prison sentence.

An 1824 decision by Mr. Justice Story states the controlling standard. A mistrial may be granted, and the defendant retried, when there is a "manifest necessity" to do so, or to serve "the ends of public justice." Furthermore, the trial courts are invested with authority to determine this issue in the exercise of their "sound discretion":

"* * * We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, *whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere.* To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office." (Emphasis added.) *United States* v. *Perez* (1824), 22 U.S. 579, 580.

Justice Black quoted and followed the *Perez* case, in the case of *Wade* v. *Hunter* (1949), 336 U.S. 684, 689, adding,

"* * *[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

The most recent pronouncement of the United States Supreme Court on this

subject is in the case of *Arizona* v. *Washington* (1978), 434 U.S. 497. In that case, as in the case at bar, a mistrial was ordered because of improper comment by defense counsel to the jury.[1] The Supreme Court reiterated that the trial court is vested with "broad discretion" to order a mistrial under these circumstances, and that the trial court's decision is to be accorded "great deference." *Washington, supra,* at 509-510. The court also noted that even though the declaration of a mistrial might not be "necessary" following defense misconduct, a mistrial under such circumstances may be in the interest of justice:

"We recognize that the extent of the possible bias cannot be measured, and that the District Court was quite correct in believing that some trial judges might have proceeded with the trial after giving the jury appropriate cautionary instructions. In a strict, literal sense, the mistrial was not 'necessary.' Nevertheless, the overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment." *Washington, supra,* at 511.

The Supreme Court refused to impose a stringent standard of review where a mistrial is declared on account of defense misconduct, lest the defense be allowed an "unfair advantage." *Id.* at 513.

Finally, the Supreme Court held that a trial court need not state the rationale for its decision on the record, nor need it make an explicit finding of "manifest necessity":

"Review of any trial court decision is, of course, facilitated by findings and by an explanation of the reasons supporting the decision. *No matter how desirable such procedural assistance may be, it is not constitutionally mandated in a case such as this.*" (Emphasis added.) *Id.* at 517.

In the case at bar, as in *Arizona* v. *Washington,* a mistrial was declared on account of a reference by defense counsel to matters which the jury may not consider as a matter of law. R.C. 2945.11 provides, in relevant part:

"* * * The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge except in cases of murder in the first degree or burglary of an inhabited dwelling."

The only Ohio case on point cited to this court is *State* v. *Palmieri* (App. 1938), 28 Ohio Law Abs. 398 [13 O.O. 517], appeal dismissed (1939), 135 Ohio St. 40 [13 O.O. 526]. Defense counsel therein urged the jury in opening statement to find the defendant not guilty by reason of insanity so that he might be committed to an institution for the insane, instead of the penitentiary. The trial court granted the state's motion for a mistrial. The appellate court upheld this ruling, noting that under the predecessor statute to R.C. 2945.11, the jury is not to consider punishment, and further noting that counsel's statement was misleading because defendant *could* obtain release from a mental institution upon a showing that his reason had returned.

There are numerous reported decisions involving similar comments by the prosecutor, to the effect that even if the defendant is convicted, he or she may be pardoned or paroled by the executive authority. The vast majority of courts regard such argument as improper, and many courts have ordered new trials on account of such prosecutorial misconduct.

---

[1] Defendant had been granted a new trial because the prosecutor had withheld exculpatory evidence at the first trial. During opening statement to the jury at the defendant's second trial, defense counsel referred to the prosecutor's misconduct at the first trial. The court thereupon declared a mistrial of the second trial.

See Annotation, Prejudicial Effect of Statement of Prosecutor as to Possibility of Pardon or Parole (1967), 16 A.L.R. 3d 1137.

In a recent decision, *State* v. *Aldridge* (1981), 3 Ohio App. 3d 74, this court ordered that a defendant could not be retried following a mistrial declared at the request of the prosecutor. This court found that the conduct of defense counsel was not improper, but was wholly in accordance with the Rules of Evidence. Defense counsel in that case inquired of a prosecution witness whether he had made a "deal" with the prosecution in return for his testimony, whereby charges against him were reduced affording him the possibility of probation. The trial court found this line of inquiry to be so improper as to require a mistrial. The appellate court ruled that this constituted proper cross-examination as to the witness' lack of credibility, and held that the Double Jeopardy Clause barred the state from subjecting the defendant to further prosecution on this charge.

*Aldridge* is distinguishable because, in the case at bar, counsel did not make reference to a proper subject for comment (*e.g.*, a witness' motive to fabricate); instead, counsel's comment could have no other purpose than to influence the jury to acquit, regardless of the facts, because of the prison sentence that would have to be imposed.

This court of appeals is persuaded that the trial court did not abuse its discretion in declaring a mistrial and in ordering a new trial on account of defense counsel's improper comment.

Appellant contends that this court has permitted representatives of the state greater latitude in closing argument, often erroneously finding their improper comments to be "harmless error." While this writer believes that there is a reasonable basis for appellant's contention, the situations are procedurally distinct. A court may, in its discretion, declare a mistrial on account of an isolated instance of attorney misconduct even where, because of overwhelming evidence, the misconduct could not affect the decision of the jury. An appellate court may reverse a conviction and order a new trial only where the misconduct was so pervasive and flagrantly improper as to deny the defendant a fair trial. *State* v. *Stephens* (1970), 24 Ohio St. 2d 76 [53 O.O.2d 182]; *State* v. *Carver* (1971), 30 Ohio App. 2d 115 [59 O.O.2d 230], affirmed (1972), 30 Ohio St. 2d 280 [59 O.O.2d 343]. Furthermore, the interests of justice demand strict, not lax, enforcement of the rules of trial, upon both the prosecutor and defense counsel.

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL and MCMANAMON, JJ., concur.