The STATE of Ohio, Appellee,

v.

JACOBS, Appellant.

[Cite as *State v. Jacobs* (1995), 108 Ohio App.3d 328]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940891.

Decided Dec. 13, 1995.

330

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Raul E. Tellez,* for appellant.

---

*Per Curiam.*

Following a jury trial, defendant-appellant, Michael Jacobs, was convicted of receiving stolen property in violation of R.C. 2913.51. The evidence presented at trial showed that in early July 1994, James A. McGurty reported to the Cincinnati Police Department that his 1986 Isuzu pickup truck had been stolen. The truck resurfaced on July 25, 1994, when the police responded to a domestic incident involving appellant.

That morning, Marilyn Hunt went to the District Three office of the Cincinnati Police Department and told Officer Jeff Dunaway that she wanted her daughter's boyfriend out of her apartment. Upon arriving at the apartment, Dunaway found appellant inside sleeping. Appellant could not produce any identification and he gave the officer a false name and social security number. Dunaway testified that Hunt told him that appellant had been travelling to and from the apartment in a truck that did not belong to him, although at trial she denied making that statement. The truck, which was identified as McGurty's, was parked near the apartment.

Appellant was taken to the District Three police station where he was questioned about the truck. Police officers testified that after being initially uncooperative, appellant eventually admitted driving the stolen truck and knowing that it was stolen. However, in his written statement, appellant claimed that he could not drive a stick shift well and that he only rode in the truck while another person drove it.

Appellant presents three assignments of error for review. In his first assignment of error he states that the trial court erred by allowing a witness to review his own prior testimony which contained an inconsistent statement outside the presence of the jury and before testifying on the matter. Appellant argues that this procedure violated Evid.R. 613(A), as well as his Sixth Amendment right to confront the witnesses against him. We find this assignment of error is not well taken.

The record shows that during cross-examination by appellant's counsel, Officer Brehm testified that appellant, while being questioned at the police station, had stated that the truck was stolen but later recanted and said that it was not. Appellant's counsel sought to impeach Brehm's testimony with his testimony from the preliminary hearing in which Brehm stated that appellant told him that

he did not know that the truck was stolen. After the state objected, the trial court permitted the prosecutor to review the preliminary hearing testimony outside the presence of the jury. At the same time, the trial court also allowed Brehm to review it. When they were done, the jury was brought back in and defense counsel examined Brehm in front of the jury concerning his preliminary hearing testimony. Brehm admitted to making the prior inconsistent statement.

Evid.R. 613(A) provides:

"In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel."

██ This rule changed previous Ohio law by dispensing with the foundational requirement of showing the witness a written prior inconsistent statement before interrogating the witness about any discrepancy between the prior statement and the witness's trial testimony. Opposing counsel, however, has the right to be shown a copy of the document upon request to preserve fairness and protect against abuse. Staff Note to Evid.R. 613(A); *State v. Lopez* (1993), 90 Ohio App.3d 566, 576–577, 630 N.E.2d 32, 39; *State v. Tolbert* (1990), 70 Ohio App.3d 372, 383, 591 N.E.2d 325, 332. The rule does not in any way prohibit a witness from reviewing a prior statement before being questioned about that statement.

██ Appellant also claims that his Sixth Amendment right to confront the witnesses against him was violated, relying on *State v. Talbert* (1986), 33 Ohio App.3d 282, 515 N.E.2d 968. In that case, defense counsel attempted to impeach the testimony of the victim on cross-examination. He asked the victim if she made certain statements in a phone call to the defendant. When she denied making the statements, defense counsel sought to play a tape recording of the conversation between the defendant and the victim in front of the witness and the jury. The trial court ruled that the victim must be given an opportunity to listen to the tape outside the presence of the jury. When the tape was played for the victim, she admitted making the statements.

The court of appeals reversed the conviction, concluding that the defendant's Sixth Amendment right to confront the witnesses against him had been violated. It stated that "to be denied the right of effective cross-examination constitutes a 'constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it.' " *Id.*, 33 Ohio App.3d at 285, 515 N.E.2d at 971, quoting *Brookhart v. Janis* (1966), 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314, 316–317. The court went on to conclude that the defendant must be afforded an opportunity to challenge the credibility of the chief complaining witness against

him and if the witness's testimony is to be attacked through the use of prior inconsistent statements under Evid.R. 613, the reaction of that witness when confronted with contrary statements must be seen by the jury. "Playing the recording for the witness in the relative privacy of chambers serves only to eliminate this key factor." *Talbert, supra,* 33 Ohio App.3d at 285, 515 N.E.2d at 971.

■ We do not find *Talbert* to be persuasive. In that case, the defense was denied the opportunity to ask the witness about the prior inconsistent statements unless she admitted making them after hearing the tape outside the presence of the jury. In the present case, appellant interrogated Officer Brehm about his prior testimony in front of the jury and Brehm admitted making the statements. Counsel was not restricted or limited in his questioning in any way. " 'Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " (Emphasis *sic.*) *Lopez, supra,* 90 Ohio App.3d at 575, 630 N.E.2d at 38, quoting *Delaware v. Fensterer* (1985), 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15, 19–20.

■ Appellant also argues that the trial court erred in failing to admit the transcript of the preliminary hearing into evidence pursuant Evid.R. 613(B) or 801(D). Even assuming the transcript was admissible, we see no prejudice to appellant in its exclusion. Appellant's counsel questioned Brehm about the statements; he admitted making them and his testimony was admitted into evidence without a limiting instruction. Consequently, whether the transcript itself was admitted into evidence made little difference since the substance of the prior inconsistent statement was already before the jury. See *State v. Martin* (1985), 19 Ohio St.3d 122, 129, 19 OBR 330, 336, 483 N.E.2d 1157, 1164; *State v. Johnson* (1983), 10 Ohio App.3d 14, 17–18, 10 OBR 20, 23–24, 460 N.E.2d 625, 630. Accordingly, appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant states that the trial court erred by refusing to grant his request for special jury instructions on the definition of the word "receive." He argues that the instructions were correct statements of law, pertinent to the case and not covered in the general charge. We find this assignment of error is not well taken.

Appellant submitted the following proposed jury instructions:

"To receive stolen property is to acquire control in the sense of physical dominion over, or the apparent legal power to dispose of property. *State v. Jackson* [ (1984), 20 Ohio App.3d 240, 20 OBR 302, 485 N.E.2d 778]. * * * Before you can find the Defendant guilty, the state must prove beyond a reasonable doubt that the automobile was originally received or retained by the

Defendant with the purpose of disposing of it, or of withholding it permanently or for such period of time as to appropriate a substantial portion of its value or use. *State v. Boyce* [ (1986), 33 Ohio App.3d 295, 515 N.E.2d 982]."

Special instructions which correctly state the law pertinent to the case must be included, at least in substance, in the general charge. *State v. Mahoney* (1986), 34 Ohio App.3d 114, 119, 517 N.E.2d 957, 963. However, the Ohio Supreme Court has stated, "We emphatically remind trial courts that they should limit definitions, where possible, to those definitions provided by the legislature in order to avoid unnecessary confusion and needless appellate challenges." *State v. Williams* (1988), 38 Ohio St.3d 346, 356, 528 N.E.2d 910, 921, fn. 14. Similarly, this court has stated that "amplification of statutory definitions is inadvisable, is likely to introduce error, and is to be done, if at all, only with extreme care not to prejudice either party to a criminal case." *Mahoney, supra,* 34 Ohio App.3d at 119, 517 N.E.2d at 963. Accord *State v. Shue* (1994), 97 Ohio App.3d 459, 471, 646 N.E.2d 1156, 1163. Further, terms of common usage need not be defined for the jury. *State v. Riggins* (1986), 35 Ohio App.3d 1, 8, 519 N.E.2d 397, 406.

In the present case, the trial court's instruction on receiving stolen property, which followed the language of the statute, must be viewed in the context of the entire charge. *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772, paragraph four of the syllabus; *State v. Williams* (1991), 75 Ohio App.3d 102, 116, 598 N.E.2d 1250, 1259–1260. The trial court's instructions, taken as a whole, made it clear to the jury that the state had to prove more than mere physical possession of the property in order for it to find appellant guilty of receiving stolen property. The trial court specifically instructed the jury that to find appellant guilty of receiving stolen property, it had to find beyond a reasonable doubt that appellant knew or had reasonable cause to believe that the truck was obtained through the commission of a theft offense. Consequently, we cannot conclude that the trial court erred in failing to give appellant's proposed jury instructions.

Appellant relies heavily on *Jackson, supra.* However, the court in *Jackson* indicated that the facts before it were unique. *Jackson, supra,* 20 Ohio App.3d at 243, 20 OBR at 304–305, 485 N.E.2d at 781; *Jackson* does not stand for the proposition that a special instruction is required in every case involving receiving stolen property. Accordingly, appellant's second assignment of error is overruled.

In his third assignment of error, appellant argues that the trial court erred in overruling his motion for a judgment of acquittal pursuant to Crim.R. 29 because the evidence was insufficient to support the conviction. After reviewing the record, we find that the state's evidence was such that reasonable minds could

reach different conclusions as to whether each material element of the offense of receiving stolen property was proven beyond a reasonable doubt. Therefore, the court did not err in overruling appellant's Crim.R. 29 motion. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The issues in this case came down to credibility, and matters as to the credibility of evidence are for the jury to decide. *State v. Walker* (1978), 55 Ohio St.2d 208, 212, 9 O.O.3d 152, 154, 378 N.E.2d 1049, 1051. Appellant's third assignment of error is overruled.

██ Additionally, in reviewing the record in this case, we have found an issue that concerns us greatly. Appellant discusses it in his brief but does not raise it as an assignment of error. The record shows that during deliberations, the jury submitted a question to the court which stated: "What does retain/receive mean in regards [*sic*] to this case?" Since it was late in the day, the trial judge allowed the jury to go home and promised to answer the question the following morning. However, the record reveals no further instruction. The next matter on the record is the court's receipt of the verdict. The record is unclear why the court failed to answer the jury's question.

██ This court held in *State v. Bruner* (Jan. 7, 1987), Hamilton App. No. C–860075, unreported, 1987 WL 5254, that the trial court's failure in a criminal case to answer a question of law submitted to the court by the jury during deliberations is prejudicial error. See, also, *State v. Payne* (July 18, 1980), Lucas App. No. L–80–009, unreported. Consequently, the court's failure in the present case to address the jury's question was reversible error. However, the defendant in *Bruner* objected to the trial court's failure to answer the question. In this case, appellant did not.

██ It is well established that the failure to object to an error in a criminal proceeding precludes the issue from being raised on appeal unless it rises to the level of plain error. *State v. Underwood* (1983), 3 Ohio St.3d 12, 13, 3 OBR 360, 360–361, 444 N.E.2d 1332, 1333. An alleged error does not rise to the level of plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Wickline* (1990), 50 Ohio St.3d 114, 120, 552 N.E.2d 913, 920. Furthermore, "the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 227, 4 OBR 580, 580–581, 448 N.E.2d 452, 453.

In the present case, we cannot say that but for the error, the outcome of the trial clearly would have been otherwise. The evidence was sufficient to support the conviction and the jury's decision came down to which witnesses it believed. This case simply does not involve the type of exceptional circumstances which

would justify a finding of plain error. Nevertheless, we caution the trial court to make certain that questions from the jury are not left hanging in the air. See *Payne, supra.*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT and SHANNON, JJ., concur.

DOAN, P.J., dissents.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

DOAN, Presiding Judge, dissenting.

I dissent because I believe that the trial court's failure to answer the jury's question was an error which affected the outcome of the proceedings. A plain error is reversible error not objected to at trial, "which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003. In this case, the jury's question went directly to one of the elements of the offense, on which the prosecution's evidence was far from overwhelming. Compare *State v. Gleason* (1989), 65 Ohio App.3d 206, 583 N.E.2d 975 (jury's question did not relate to whether the defendant committed the offense charged). Consequently, I would hold that the trial court committed plain error by failing to answer the jury's question after promising to do so. See *State v. Black* (1991), 78 Ohio App.3d 130, 134, 604 N.E.2d 171, 173–174.

Further, while the record does not show that appellant objected when the court did not answer the question, his request for a special instruction on the same issue on which the jury sought clarification was tantamount to an objection to the charge given. See *State v. Jackson* (1984), 20 Ohio App.3d 240, 243, 20 OBR 302, 304–305, 485 N.E.2d 778, 781. I would reverse appellant's conviction and remand the matter for a new trial.