OPINION
Defendant-appellant, Timothy Osterbrock, appeals a decision of the Fairfield Municipal Court, finding him guilty of violating Fairfield City Ordinance 333.01(A)(1). We affirm.
On October 11, 1996, Denise Adams, a 911 operator for Fairfield, received a phone call from a woman who claimed that her boyfriend ran into the garage with his van. Police officers were dispatched to the address. The first officer to arrive at the house was Officer Jerry Hartwig, who testified that he saw a van in contact with the garage door. He also saw fresh damage on the van and that the garage door had been pushed in three or four inches.
Hartwig testified that as he walked towards the van, he saw appellant stumble and fall as he got out of the van. Hartwig also noticed that appellant "swayed" as he walked. When Hartwig asked appellant what happened, appellant answered, "I hit the garage door accidentally." Hartwig testified that appellant had an odor of an alcoholic beverage, his eyes were glassy and red, and his speech was slurred. Hartwig also testified that when he asked appellant for the van's keys, appellant patted his pockets, reached into the van and turned off the ignition. Hartwig claimed that the van's radio was playing until appellant turned off the ignition. Another officer, Kevin Gerold, also testified that the van's radio was playing when he arrived.
Appellant was given a horizontal gaze nystagmus test, and a "walk and turn" coordination test. Appellant failed both tests. Appellant was also given a breathalyzer test. The breathalyzer test indicated that appellant had a concentration of .229 of one gram by weight of alcohol per two hundred ten liters of his breath. At appellant's trial, appellant stipulated that the results of the breathalyzer test were correct, the officers were qualified to administer the test, the test was conducted in the proper fashion, and the testing equipment was in proper working order.
During the trial, Hartwig stated that:
 I asked [appellant] for his driver's license. He took his wallet out, he started fumbling and took a long time trying to get his driver's license out.
Hartwig also testified that he obtained appellant's address from appellant's driver's license. Appellant's counsel attempted to impeach the testimony of Hartwig by submitting evidence showing that Hartwig may have been mistaken about obtaining appellant's license. Appellant's counsel then argued during closing arguments that Hartwig's "memory lapses" about obtaining appellant's license should be considered in conjunction with Hartwig's testimony concerning the key in the ignition.
During the jury's deliberations, the jury asked, "Does a driver's license have to be confiscated when an accident occurs on private property with alcohol involved?" After discussing the question with both parties' counsel, the court answered the question stating "The answer to that question is no as phrased." Appellant's counsel did not object to the court's response to the jury's question.
The jury found appellant guilty of violating Fairfield City Ordinances 333.01(A)(1) and 333.01(A)(3),[1] and appellant was sentenced by the court for violating Fairfield City Ordinance333.01(A)(1). Appellant appeals this decision and presents the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE WAY THAT IT ANSWERED THE JURY'S QUESTION.
Appellant argues that the trial court had a duty to provide a complete and accurate answer to the jury's question. Appellant contends that the trial court's answer should have stated that an officer was required to confiscate appellant's license. Appellant reasons that if the jury was informed of this, it would have made a difference as to whether the jury would have believed Hartwig's testimony concerning the key in the ignition.[2]
The record shows that appellant's counsel had an opportunity to object to the trial court's response to the jury's question, but appellant's counsel failed to object. "It is well established that the failure to object to an error in a criminal proceeding precludes the issue from being raised on appeal unless it rises to the level of plain error." State v. Jacobs (1995), 108 Ohio App.3d 328,335, discretionary appeal not allowed (1996), 75 Ohio St.3d 1497.
If counsel does not timely object to the court's response to a jury question, "any error in the response given by the court is waived unless it was plain error." State v. Cole (Jan. 22, 1997), Hamilton App. No. C-950900, unreported, at 20-21. To constitute plain error, (1) the response must have been erroneous and (2) without the error, the result of the trial would have been different. Id., at 21, following State v. Long (1978), 53 Ohio St.2d 91.
First, the trial court's response was not erroneous. R.C.4511.191(D)(1) requires an officer to seize a driver's license when the driver is under arrest and the driver: (1) is not asked to submit to a chemical test; (2) is asked to submit to a chemical test, and refuses to take the test; or (3) the results of the chemical test indicate that the driver has an amount of alcohol in his or her blood, breath or urine more than what is specified in R.C. 4511.191(D)(1). It is possible for an accident to occur with alcohol involved, and the officer may not be required to seize the driver's license. An example of this would be a driver that is not arrested, and the results of the chemical test indicate that the driver has an amount of alcohol in his or her bodily fluid less than what is specified in R.C. 4511.191(D) (1).
Second, even if the court's response was erroneous and all of Hartwig's testimony was disbelieved by the jury, the results of the trial probably would not have been different because other evidence was presented showing that appellant operated the van. Denise Adams, the 911 operator, testified that a woman said that her boyfriend ran into the garage with his van. Joann Capobianco, the owner of the house, testified that she was the woman who called 911, and that appellant was her boyfriend. Officer Kevin Gerold testified that the van's radio was playing when he arrived, which could indicate that the key was in the van's ignition.
After having reviewed the record, we find that the trial court did not commit plain error with its response to the jury's question. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Fairfield City Ordinance 333.01 states in part:
 No person shall operate any vehicle within the Municipality, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
 (3) The person has a concentration of ten-hundredths (0.10) of one gram or more by weight of alcohol per 210 liters of his breath.
[2] The significance of the key is that a person in the driver's position of the front seat, with the ignition key in his possession, can be found to have operated the vehicle. State v. McGlone (1991), 59 Ohio St.3d 122, syllabus; State v. Easterling (May 12, 1997), Butler App. No. CA96-06-120, unreported, at 4.