DECISION AND JOURNAL ENTRY
Defendant-appellant, Tyrone Carroll, appeals a judgment of the Lorain County Court of Common Pleas that convicted him of theft. This Court affirms.
On June 25, 1997, Carroll was tried on one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02 (A)(1). During the recross-examination of state's witness Chad Kurowski, the state made repeated objections to the questions of Carroll's attorney. Thereafter, the prosecution moved for a mistrial, which the trial court granted. A subsequent retrial was commenced on September 22, 1997. Carroll was found guilty as charged.
Carroll appealed and asserted one assignment of error. On June 14, 2000, this Court affirmed the judgment against Carroll since the transcript did not bear the indicia that it was prepared by an official court reporter. See State v. Carroll (June 14, 2000), Lorain App. No. 97CA006943, unreported. Carroll moved this Court for reconsideration. Upon reconsideration, this Court vacates State v. Carroll (June 14, 2000), Lorain App. No. 97CA006943, unreported, and proceeds to evaluate Carroll's claims on the merits.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE AND IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO DISMISS AND CAUSED APPELLANT TO BE PLACED TWICE IN JEOPARDY FOR THE SAME OFFENSE.
In his sole assignment of error, Carroll argues that the trial court erred in granting a mistrial in his first trial after his attorney inquired whether state's witness Chad Kurowski passed a polygraph examination. This Court disagrees.
It is axiomatic that the results of a polygraph examination are not admissible unless the parties stipulate in writing to the admission of the results. See State v. Jamison (1990), 49 Ohio St.3d 182, 190, citing State v. Souel (1978), 53 Ohio St.2d 123, 126. "[S]ince it is uniformly held that such a test is not judicially acceptable, it reasonably follows that neither a professed willingness nor a refusal to submit to such a test should be admitted." State v. Hegel (1964),9 Ohio App.2d 12, 13. These maxims of law protect against the questionable reliability and accuracy of polygraph tests. See State v.Rowe (1990), 68 Ohio App.3d 595, 610. Recently, the United States Supreme Court has indicated that the reliability of polygraph evidence has not been sufficiently established. United States v. Scheffer
(1998), 523 U.S. 303, 118 S.Ct. 1261, 1265, fn. 5.
In the instant case, Carroll's attorney had the following exchange with state's witness Chad Kurowski:
 [DEFENSE COUNSEL BUDWAY]: You met with a different officer?
Yes.
And you told him a completely different story?
They gave me a lie detector test.
Did you pass?
No.
You failed the lie detector test?
Because they asked me his full name
 [PROSECUTOR] LOCKE GRAVES: Objection to this, Judge, and ask that it all be stricken.
THE COURT: Sustained.
BY MR. BUDWAY:
Do you always lie?
 THE COURT: He has raised the issue here. But Mr. Budway, move away from this line.
 Ladies and gentlemen, polygraph tests are not scientifically sound. Their results are not accepted by courts in Ohio and the answer is stricken. You are to disregard it.
MR. BUDWAY: Thank you, Your Honor.
BY MR. BUDWAY: Do you always lie?
No.
Which story is the truth today?
Mine.
 Your story that you told them that he didn't take the purse or that he did take the purse?
He did.
 Isn't it true that you told that story to get yourself out of trouble?
No.
You just testified that you will lie if you have to.
 No, I won't. I mean, I am telling the truth now. I mean, I was telling a lie to keep him out of trouble.
MR. BUDWAY: I have no further questions.
Thereafter, a side bar conference was held outside the presence of the jury, whereupon the trial court granted the state's motion for mistrial.
Careful review of the record shows that there was no agreed upon stipulation regarding the admission of the polygraph examination taken by Kurowski. The Ohio Supreme Court is express in its command that without a written stipulation signed by the parties, polygraph evidence is inadmissible. Perkins and Souel, supra. Accordingly, the above questions posed by defense counsel relating to a polygraph examination were improper and had the effect of eliciting inadmissible evidence.
This Court now turns to the issue whether the trial court properly granted a mistrial based on defense counsel's improper questioning of Kurowski.
Mistrials should only be granted upon a demonstration of manifest necessity for the declaration, and where a fair trial is no longer possible. See State v. Franklin (1991), 62 Ohio St.3d 118, 127. A trial court's decision to declare a mistrial is reviewed under an abuse of discretion standard. See State v. Juchum (May 26, 1993), Medina App. No. 2186-M, unreported, citing State v. Abboud (1983), 13 Ohio App.3d 62, appeal not allowed (1994), 68 Ohio St.3d 1426, and State v. Stout (1987),42 Ohio App.3d 38.
The constitutional right against double jeopardy is not offended where a mistrial is granted upon the demonstration of manifest necessity:
 Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.
Juchum, supra, quoting Arizona v. Washington (1978), 434 U.S. 497,54 L.Ed.2d 717, 728.
Appellant's claim is substantively without merit. In Juchum, this Court concluded that an improper attack upon the credibility of a state's witness that mischaracterized evidence properly resulted in the trial court granting a mistrial. Id. The Juchum Court deferred to the trial court's conclusion that the jury could not disregard the improper line of questions posed by defense counsel. Id.
Similarly, in the instant case, the trial court concluded: "I don't think I have any choice. State's request for a mistrial is granted." As in Juchum, the questions posed by defense counsel to state's witness Kurowski relating to polygraph examinations were improper. The nature of the improper questions unfairly attacked the credibility of the state's witness. Accordingly, this Court finds no abuse of discretion in the trial court's declaration of a mistrial.
Carroll's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR.