This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mary E. Gentry (nka Mary E. Evans), appeals from the judgment of the Wayne County Court of Common Pleas, denying the motion to charge interest on support arrearages. We affirm.
On February 11, 1987, Appellant filed a complaint for divorce against Appellee, Charles Gentry; the trial court granted the divorce and ordered Appellee to pay child support. Thereafter, on April 6, 2001, an administrative hearing was held regarding modification of Appellee's child support obligation. The hearing officer denied the request to charge interest on support arrearages owed by Appellee and filed his findings and recommendations with the trial court. As a result of the denial to charge interest on support arrearages, the Wayne County Child Support Enforcement Agency ("WCCSEA") moved for a determination as to whether Appellee's failure to pay was willful. On May 24, 2001, a magistrate determined that Appellee's failure to pay was not willful. WCCSEA filed objections to the magistrate's proposed decisions. The trial court overruled WCCSEA's objections. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred as a matter of law by not adopting a standard to define "willful" for purposes of R.C. 3123.17.
In her sole assignment of error, Appellant avers that the trial court erred by failing to define "willful" for the purpose of imposing interest on child support arrearages under R.C. 3123.17.
We note that trial courts "should limit definitions, where possible, to those definitions provided by the legislature in order to avoid unnecessary confusion and needless appellate challenges." State v.Jacobs (1995), 108 Ohio App.3d 328, 334, appeal not allowed (1996),75 Ohio St.3d 1497, quoting State v. Williams (1988), 38 Ohio St.3d 346,356, fn. 1. However, any term that is not defined by statute is accorded its common, ordinary meaning. City of Cleveland v. GSX Chemical Servicesof Ohio, Inc. (May 7, 1992), Cuyahoga App. No. 60512, unreported, 1992 Ohio App. LEXIS 2353, at *10. Furthermore, R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Therefore, as the legislature has not defined "willful" in the context of R.C. 3123.17, the term should have been accorded its common, ordinary meaning. Accordingly, we cannot say that the trial court erred by failing to define "willful." Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY