JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Carlos Warner, appeals the finding of contempt made by the trial court in its journal entry of June 10, 2003, relative to appellant's actions during the trial in Statev. Maclin Hines, Case No. CR436120 in the Cuyahoga County Court of Common Pleas. For the reasons that follow, we hereby reverse the judgment of the trial court and vacate the appellant's contempt citation.
 {¶ 2} Appellant is an attorney with the Cuyahoga County Public Defender's Office and lead trial counsel in the above-referenced criminal case. The defendant in that case was charged with 22 counts of rape against a minor under the age of thirteen; he was eventually found not guilty on all charges.
 {¶ 3} During his closing argument at trial, appellant made the following statement as he addressed the jury:
 {¶ 4} "And I think as this argument goes on it's going to be perfectly clear why your job is so important. More important in this case than almost any other. In fact, the state has charged Mr. Hines with the most serious crimes in our statute short of the death penalty."
 {¶ 5} The state objected to this statement as an impermissible reference to the fact that the defendant may be sentenced to life in prison if found guilty, and the trial court sustained this objection and cautioned appellant from making further references to a possible sentence in the case. Closing arguments resumed, and appellant later made the following statement:
 {¶ 6} "What they do is they're throwing this indictment up there. They're throwing 22 counts at you. They're hoping you come back with one, two or all of them. They don't care if — like we talked about, if they get one, they might as well get them all."
 {¶ 7} The state again objected, and appellant withdrew his statement thereupon. The trial court immediately conducted a sidebar with all counsel, once again warned appellant to refrain from making any allusion to a possible life sentence, and instructed the parties that there would be a contempt hearing regarding appellant's two statements following the conclusion of the trial.
 {¶ 8} After a hearing, the trial court issued a decision finding appellant in direct criminal contempt, beyond a reasonable doubt, because appellant "knowingly and purposely violated R.C. 2905.01 (sic) by obstructing the administration of justice in the presence of this Court in final arguments by repeatedly referring to the life sentences required by the child rape counts despite a specific order not to do so." The appellant was fined $250; execution of the sentence was stayed pending the outcome of appellant's timely appeal. He now presents one assignment of error for our review.
 {¶ 9} "I. The trial court denied Mr. Warner due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when it convicted him of contempt of court where the evidence of contempt was insufficient as a matter of law."
 {¶ 10} A person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice commits direct contempt, and the judge may summarily punish the offender. R.C. 2705.01. In Cleveland v. Heben (1991),74 Ohio App.3d 568, 599 N.E.2d 766, this court reiterated the standard of conduct that warrants a finding of direct criminal contempt, stating:
 {¶ 11} "The determination of contempt is left to the sound discretion of the trial judge. However, the accused's guilt must be affirmatively shown in the record and the offending conduct must constitute an imminent threat to the administration of justice. State v. Conliff (1978), 61 Ohio App.2d 185. The administration of justice is best served by restricting the power of summary direct contempt to that conduct which tends to impede, embarrass or obstruct the court in the performance of its function." Id. at 190-191.
 {¶ 12} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. Cramer v. Petrie
(1994), 70 Ohio St.3d 131, 637 N.E.2d 882. The decision of whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. State v. Kilbane (1980),61 Ohio St.2d 201, paragraph one of the syllabus. However, proof beyond a reasonable doubt is required in criminal contempt cases.Brown v. Executive 200, Inc. (1980) 64 Ohio St.2d 250,416 N.E.2d 610. Where there is no indication that any other standard was employed by the trial court, a finding of contempt may properly be upheld. In Re Gonzalez (1990), 70 Ohio App.3d 752,756, 591 N.E.2d 1371.
 {¶ 13} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins
(1984), 15 Ohio St.3d 164, 222, 450 N.E.2d 1140, quotingSpalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.,75 Ohio St.3d 254, 1996-Ohio-159, 662 N.E.2d 1.
 {¶ 14} In the instant case, the appellant was warned by the court during his closing argument against stating to the jury that his client may be subject to a life sentence for the crimes listed in the indictment. Comments made during closing arguments by a defense attorney which are meant to inform the jury that conviction on the offense charged carries a mandatory prison term are grounds for a mistrial. State v. Abboud (1983)13 Ohio App.3d 62, 64, 468 N.E.2d 155. However, at no time did the appellant make explicit mention of punishment to the jury; indeed, the second comment referenced by the trial court as grounds for the contempt citation refers only to the number of counts in the indictment and was apparently intended to respond to a comment made earlier in the case by the prosecution. The first comment made by appellant referred to the seriousness of the charge and, while appellant mentioned "the death penalty," his argument contained no specific information as to the possible consequences of conviction for this defendant.
 {¶ 15} From the record presented, we see no indication that the appellant knowingly or willfully defied the instructions of the court on this issue. Moreover, appellant requested a curative instruction during a sidebar after the second comment was made to attempt to avoid any error; the trial court declined to issue such an instruction. Finally, there was some indication at the contempt hearing, which came to light as a result of the trial judge's discussions with jurors subsequent to the verdict, that the jury did not rely on the two comments in question while deliberating. We therefore find that the trial court abused its discretion in holding appellant in contempt of court.
 {¶ 16} The judgment is reversed and the contempt citation is vacated.
Calabrese, Jr., J., and Rocco, J., concur.
It is ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.