The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (2000), 139 Ohio App.3d 226.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77257.

Decided Oct. 16, 2000.

---

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Richard A. Bell*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Donald Green*, Assistant Public Defender, for appellant.

---

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, William Johnson, appeals the judgment of the Cuyahoga County Court of Common Pleas denying his motion for judicial release and/or shock probation. For the reasons set forth below, we reverse and remand.

On May 4, 1999, appellant was convicted after a jury trial of one count of gross sexual imposition, in violation of R.C. 2907.05. The crime occurred between August 18, 1993 and December 7, 1994, when the victim was less than thirteen years of age. Thus, the crime was punishable as a third degree felony under pre-Senate Bill 2 law.

Appellant was also convicted on ten counts of corruption of a minor, in violation of R.C. 2907.04, for sexual conduct occurring during a range of dates after July 1, 1996, and, therefore, subject to post-Senate Bill 2 penalties.

On June 18, 1999, the trial court sentenced appellant to two years' incarceration on the gross sexual imposition count and one year's incarceration on each of the ten counts of corruption of a minor. The trial court ordered the sentences on the ten counts of corruption of a minor to be served concurrent to each other, but consecutive to the two years of incarceration on the gross sexual imposition count, for a total of three years' incarceration.

On August 2, 1999, appellant filed a motion for judicial release. The state opposed appellant's motion with respect to count one, arguing that appellant did not qualify for judicial release because appellant committed the crime before July 1, 1996, when R.C. 2929.20—the statute regarding judicial release—became effective. The state argued further that appellant was not eligible for shock probation under former R.C. 2947.061 because that statute was repealed on July 1, 1996. Therefore, the state argued, the trial court did not have jurisdiction to rule on appellant's motion.

On October 19, 1999, the trial court denied appellant's motion, ruling:

"Defendant's motion for judicial release as to count one, gross sexual imposition, is denied without a hearing in that judicial release does not apply to this offense which occurred before the enactment of the judicial release statute. The court also determines that shock probation is not available for this offense in that the legislature appears to have eliminated the availability of shock probation as to this defendant as is set forth in the state's 9–01–99 motion in opposition to defendant's motion for judicial release. Defendant's motion for judicial release as to the other counts of the indictment is denied without hearing."

Appellant timely appealed, assigning one assignment of error for our review:

"The trial court erred in holding that appellant was no longer eligible for shock probation."

In his single assignment of error, appellant contends that the trial court erred in denying his motion for shock probation pursuant to former R.C. 2947.061 regarding count one.[1] Appellant argues that although the General Assembly repealed R.C. 2947.061 effective July 1, 1996, the General Assembly intended to repeal shock probation only for offenses committed after the effective date and, therefore, because he committed the offense of gross sexual imposition before July 1, 1996, he is eligible to be considered for shock probation pursuant to

---

1. Appellant does not challenge the trial court's denial of his motion with respect to the remaining counts of his conviction.

former R.C. 2947.061. The state, on the other hand, argues that the clear intent of the General Assembly was to repeal R.C. 2947.061 under all circumstances.

Section 2 of Am.Sub.S.B. No. 2 repealed R.C. 2947.061 effective July 1, 1996. Section 5 of Am.Sub.S.B. No. 2, however, expressly stated:

*"The provisions of the Revised Code in existence prior to July 1, 1996, shall apply* to a person upon whom a court imposed a term of imprisonment prior to that date and *to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.*

"The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense or after that date." (Emphasis added.) 146 Ohio Laws, Part IV, 7136, 7810.

Prior to the effective date of Am.Sub.S.B. No. 2, the General Assembly passed Am.Sub.S.B. No. 269. Section 3 of Am.Sub.S.B. No. 269 amended Section 5 of Am.Sub.S.B. No. 2 to read as follows:

*"The provisions of the Revised Code in existence prior to July 1, 1996, shall apply* to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, *to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.*

"The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date." (Emphasis added.) 146 Ohio Laws, Part VI, 10752, 11099.

This amendment, and the repeal of existing Section 5 of Am.Sub.S.B. No. 2, took effect on July 1, 1996.

Section 12 of Am.Sub.S.B. No. 269 stated further:

"The repeal by this act of section 2947.061 of the Revised Code is intended to confirm the result intended by the General Assembly in enacting Am.Sub.S.B. 2 and Sub.H.B. 4 of the 121st General Assembly. Both acts passed on June 29, 1995. Am.Sub.S.B. 2 repealed the section while Sub.H.B. 4 amended it. The existence of the section is therefore uncertain. The intention of the General Assembly was for the section to be neither continued nor revived as the result of its amendment by Sub.H.B. 4, but rather for the section to be repealed as provided in Am.Sub.S.B. 2." *Id.,* Part VI, 11115.

The state argues on appeal, as it did in the trial court, that the uncodified language contained in Section 12 of Am.Sub.S.B. No. 269 demonstrates the intent

of the General Assembly to repeal R.C. 2947.061 in all circumstances, regardless of the date of the offense or the date of sentencing.

This court recently rejected the state's argument, however, in *State v. Murphy* (Apr. 13, 2000), Cuyahoga App. No. 76849, unreported, 2000 WL 377495. Initially, we noted that when determining legislative intent, a court should give significance and effect to every word, phrase, sentence, and part thereof, if possible. *Id.*, citing *State v. Wilson* (1997), 77 Ohio St.3d 334, 673 N.E.2d 1347. We noted further that another rule of statutory construction is found in R.C. 2901.04(A), which provides that criminal code sections defining offenses or penalties are to be construed strictly against the state and liberally in favor of the accused. R.C. 2901.04(A) applies where statutory language is ambiguous and requires further interpretation. *Id.*, citing *State v. Cole* (1994), 94 Ohio App.3d 629, 641 N.E.2d 732. Accordingly, we stated:

"The state argues that the General Assembly made its intent clear that shock probation was not to continue after July 1, 1996. However, what exactly the legislature meant by 'continue' is uncertain and ambiguous. Both Am.Sub.S.B. No. 2 and Am.Sub.S.B. [No.] 269 state that a person tried and sentenced prior to the effective date of the act will be subject to the Revised Code provisions in effect at the time. Perhaps in Section 12 of Am.Sub.S.B. No. 269, the legislature intended that an accused committing an offense before July 1, 1996, but sentenced after that date, be denied shock probation. The legislature also may have wanted to make clear that R.C. 2947.061 was repealed and not amended, but did not intend to affect those sentenced before July 1, 1996. Because the meaning of the term 'continue' is not clear, the provision will be strictly construed against the state and liberally construed in favor of the defendant. * * * Therefore, we hold the General Assembly intended that R.C. 2947.061 be available to a defendant who was tried and sentenced prior to the effective date of the act." *State v. Murphy.*

Based on the same reasoning applied in *Murphy*, we now hold that the General Assembly also intended that R.C. 2947.061 be available to a defendant who committed an offense prior to the effective date of the Act but was sentenced for that offense after the effective date.

The holding in *State v. Rush* (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, favors this interpretation. In *Rush*, the Supreme Court of Ohio held that the provisions of Am.Sub.S.B. No. 2, which include judicial release, apply only to those crimes committed on or after July 1, 1996, the effective date of the statute. *Id.* at paragraph two of the syllabus. The Supreme Court noted that Am.Sub.S.B. No. 269 specifically states that defendants who committed crimes before the effective date shall be sentenced under the law in existence at the time of the offense.

Moreover, both Am.Sub.S.B. No. 2 and Am.Sub.S.B. No. 269 state that the provisions of the Revised Code in effect prior to July 1, 1996 apply to a person who commits an offense prior to that date but is sentenced on or after that date. It would be illogical, therefore, to conclude that although the pre-Senate Bill 2 sentencing laws apply to defendants who commit offenses prior to July 1, 1996, but are sentenced after that date, those same defendants are not entitled to the pre-Senate Bill 2 laws regarding shock probation in effect prior to July 1, 1996.

Furthermore, it would be illogical to conclude that although the General Assembly provided that defendants who commit offenses after July 1, 1996, are entitled to judicial release and defendants who committed offenses before July 1, 1996, and were sentenced prior to that date are entitled to shock probation, the General Assembly also intended that there is a small group of defendants who are not entitled to either judicial release or shock probation because they committed offenses prior to July 1, 1996, but, by happenstance, were sentenced after that date.

Here, appellant committed the offense for which he was convicted in count one prior to July 1, 1996. Although he was sentenced after that date, the trial court applied the sentencing law in effect prior to July 1, 1996. The prospective application of Am.Sub.S.B. No. 2 denies appellant the benefit of judicial release under R.C. 2929.20. Construing Section 12 of Am.Sub.S.B. No. 269 strictly against the state and liberally in favor of appellant, however, appellant is eligible to be considered for shock probation under the former R.C. 2947.061 because he committed the offense prior to July 1, 1996. The trial court erred, therefore, in denying appellant's motion for shock probation regarding count one of his conviction on the basis that the legislature had eliminated shock probation as it pertains to appellant.

Appellant's assignment of error is sustained, and the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, P.J., and PORTER, J., concur.