JOURNAL ENTRY AND OPINION
In July 1989, the Cuyahoga County Grand Jury indicted defendant-appellee, Curtis Young, on one count of rape of an eleven-year-old girl. On September 7, 1989, appellee kidnapped the girl's mother in an attempt to intimidate her and hinder the prosecution. He was subsequently indicted in a separate case on one count of kidnapping and one count of intimidation.
On November 30, 1989, the charges against appellee were amended to attempted rape, in violation of R.C. 2923.02/2907.02, an aggravated felony of the second degree; attempted kidnapping, in violation of R.C.2923.02/2905.01, an aggravated felony of the second degree; and intimidation, in violation of R.C. 2921.03, a felony of the third degree. Appellee pled guilty to the charges set forth in the amended indictments and on July 20, 1990, the trial court sentenced him to concurrent prison terms of two to fifteen years for attempted rape, two to fifteen years for attempted kidnapping and two years for intimidation.
On March 18, 1991, appellee filed a pro se motion for super shock probation pursuant to former R.C. 2947.061(B). The trial court denied appellee's motion on March 21, 1991.
Although his motion had already been denied, on May 24, 1991, appellee filed a supplemental brief regarding his motion for super shock probation. In a journal entry filed June 19, 1991, the trial court again denied appellee's motion.
On June 11, 1996, appellee filed a pro se motion to suspend further execution of his sentence pursuant to R.C. 5145.01 and 5145.02. The trial court never ruled on this motion.
On June 24, 1997, the trial court conducted a sexual predator determination hearing. In a journal entry filed by the court on July 1, 1997, appellee was adjudicated to be a sexual predator. The finding was affirmed on appeal. See State v. Young (May 20, 1999), Cuyahoga App. Nos. 72885, 72886.
On December 16, 1998, appellee filed another pro se motion to suspend the further execution of sentence pursuant to former R.C. 2947.061 and R.C. 2929.20, which became effective July 1, 1996. The trial court entered duplicate orders on December 30, 1998 and April 1, 1999 denying appellee's motion.
On November 14, 2000, appellee filed another motion to suspend further execution of sentence pursuant to former R.C. 2947.061 and R.C. 2929.20. On December 18, 2000, the trial court conducted a hearing regarding appellee's motion. At the hearing, the trial court opined that R.C. 2929.20
was the applicable provision pursuant to which the court should consider appellee's motion. In its journal entry filed December 20, 2000, however, the trial court ordered that further execution of sentence was suspended pursuant to former R.C. 2947.061. The trial court ordered appellee released from prison and placed on probation for five years, on the conditions that he maintain full-time employment, be regularly tested for drugs and alcohol and register as a sexual predator.
The State of Ohio timely appealed, raising one assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUSPEND THE FURTHER EXECUTION OF SENTENCE PURSUANT TO R.C. 2947.061 AND R.C. 2929.20 WHERE APPELLEE WAS SERVING A SENTENCE FOR CRIMES COMMITTED PRIOR TO JULY 1, 1996.
In light of State v. Coffman (2001), 91 Ohio St.3d 125, we must first consider whether the trial court's order granting appellee's motion for super shock probation is a final appealable order. In Coffman, the Supreme Court of Ohio held that a trial court's order denying shock probation pursuant to former R.C. 2947.061 is never a final appealable order. Id. at the syllabus. Significantly, the Ohio Supreme Court also found that former R.C. 2947.061 made no provision for appellate review and noted that it was not surprising that the General Assembly chose to place this decision within the plenary discretion of the sentencing court because probation has always been viewed as a matter that lies within the judgment of the trial judge. Id. at 128. Although the holding in Coffman is limited to the denial of a motion for shock probation, we consider whether it also applies to an order granting a motion for shock probation, as in this case. We conclude that it does not apply.
In State v. Fisher (1988), 35 Ohio St.3d 22, which was decided before Coffman, the Ohio Supreme Court held that the State may appeal an order granting shock probation. The Supreme Court noted that the right is not absolute, however, and the decision to grant or deny leave to appeal in such cases rests solely within the discretion of the court of appeals. Id. at 23. Because the Supreme Court of Ohio had an opportunity in Coffman to overrule Fisherbut did not do so, it is apparent that the Supreme Court has carved out a distinction between orders granting shock probation and those denying it. Thus, although a trial court order denying shock probation is never a final appealable order, an appellate court may, in its discretion, grant a motion for leave to appeal an order granting shock probation.
Accordingly, after review of the State's motion for leave to appeal the trial court's order granting appellee's motion for shock probation, we grant the State's motion and proceed to the merits of its appeal.[1]
The State first asserts that the trial court erred in granting appellee's motion to suspend further execution of his sentence because he was not eligible for judicial release pursuant to R.C. 2929.20. The State contends that appellee committed his crimes before July 1, 1996, when R.C. 2929.20, the statute regarding judicial release, became effective and, therefore, was not eligible for judicial release pursuant to that statute. Although the journal entry indicates that the trial court granted appellee's motion pursuant to former R.C. 2947.061(B) and not R.C. 2929.20, we address the State's argument because in the hearing regarding appellee's motion, the trial court stated, erroneously, that R.C. 2929.20 was applicable to appellee.
R.C. 2929.20 was enacted as part of Am.Sub.S.B. 2, effective July 1, 1996. The provisions of Am.Sub.S.B. 2 apply only to offenses committed after July 1, 1996. State v. Coffman (2001), 91 Ohio St.3d 125, 126; State v. Rush (1998), 83 Ohio St.3d 53; certiorari denied (1999),525 U.S. 1151; State v. Johnson (2000), 139 Ohio App.3d 226, 230. Therefore, because appellee was sentenced for crimes committed prior to July 1, 1996, the provisions of R.C. 2929.20 are not applicable to him. Accordingly, he was not eligible for judicial release pursuant to R.C.2929.20.
Individuals who committed crimes prior to July 1, 1996, may, however, seek shock probation in accordance with former R.C. 2947.061. Johnson, supra; State v. Dower (Jan 12, 2000), Lorain Cty. App. No. 99CA007357, unreported, citing State v. Jones (Sept. 25, 1998), Lake App. No. 97-A-0063, unreported. Former R.C. 2947.061(B), pursuant to which appellee made his motion, provided, in pertinent part:
 [T]he trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, * * * the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.
The statute limited the number of motions for super shock probation pursuant to R.C. 2947.061(B) that an individual could file:
 A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon the defendant, and the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division. * * *
In light of this language, the State also argues that the trial court should have denied appellee's motion for super shock probation pursuant to R.C. 2947.061 because it was not the first such motion that he had filed. Unfortunately, we agree.
This court and others have consistently held that an offender may file only one motion for super shock probation. See, e.g., State v. Lentz (Aug. 8, 1997), Miami Cty. No. 97 CA 11, unreported; State v. Kalvitz (June 6, 1991), Cuyahoga App. No. 60852, unreported; State v. Minor (Nov. 8, 1989), Cuyahoga App. No. 57300, unreported. Therefore, because the motion granted by the trial court was appellee's third motion for super shock probation, pursuant to the statute, the trial court should have denied appellee's motion without a hearing.
Even assuming, for the sake of argument, that an offender may file one motion for each aggravated felony sentence imposed — a not entirely implausible reading of the statute — appellee still filed more than the allowed number of motions. Appellee was sentenced to two to fifteen years for attempted rape, an aggravated felony, and two to fifteen years for attempted kidnapping, also an aggravated felony. Although he was sentenced to two years for intimidation, intimidation is not an aggravated felony. Thus, at most, appellee could file two motions for super shock probation pursuant to R.C. 2947.061.
Here, appellee filed three such motions: 1) the first motion was filed on March 19, 1991 with a supplemental brief to the motion filed on May 24, 1991; 2) the second motion was filed on December 16, 1998; and 3) the third motion, which the trial court granted, was filed on November 14, 2000.[2] Pursuant to the statute, however, because appellee had filed two previous motions, the trial court was prohibited from considering appellee's motion.
Despite the harshness of our ruling, we are bound to strictly construe R.C. 2947.061(B) because it is a special statutory procedure. Minor, supra, citing State v. Smith (1989), 42 Ohio St.3d 60, 61; State v. Ellington (1987), 36 Ohio App.3d 76, 77.
Appellant's assignment of error is sustained. Appellee's shock probation is revoked and he is ordered to serve the remainder of his sentence.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and ANNE L. KILBANE, J., CONCUR.
[1] A motion for leave to appeal by the State in a criminal case is governed by the procedural requirements of App.R. 5 and the time requirements of App.R. 4(B). Although in our discretion we grant the motion for leave to appeal in this case, we admonish the State to fully comply with the requirements of these rules in future cases.
[2] The motion to suspend further execution of sentence filed on June 11, 1996, was made pursuant to R.C. 5145.01 and R.C. 5145.02
and, therefore, is not relevant to our analysis.