JOURNAL ENTRY AND OPINION
The State of Ohio appeals from a common pleas court judgment granting Daniel Curik's motion for judicial release from a sentence of life imprisonment for his convictions of aggravated murder and kidnapping. The state argues that judicial release, as defined in R.C. 2929.20, does not apply to Curik because he committed these offenses prior to July 1, 1996, the effective date of the judicial release provision. Further, the state contends that Curik is not an "eligible offender," as defined in R.C.2929.20(A)(1).
After careful review of the law, we have determined that the trial court erred in granting judicial release by retrospectively applying the provisions of R.C. 2929.20 and by finding that Curik is an eligible offender for purposes of judicial release. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
The record before us reveals that, in 1979, following a bench trial, the court found Curik guilty of aggravated murder, two counts of kidnapping, and two counts of aggravated menacing. The court then sentenced Curik to a mandatory term of life imprisonment for aggravated murder, to be served concurrently with terms of seven to twenty-five years on each count of kidnapping and six months on each count of aggravated menacing. On appeal, we affirmed the convictions for aggravated murder and kidnapping but reversed and vacated the convictions for aggravated menacing. See State v. Curik (Oct. 9, 1980), Cuyahoga App. No. 41826, unreported.
Subsequently, on October 31, 1985, Curik filed a motion for shock probation pursuant to R.C. 2947.061; the court, however, denied this motion. Thereafter, in 1999, the Ohio Adult Parole Authority denied Curik's request for parole.
On December 29, 2000, in accordance with R.C. 2929.20, Curik filed a motion in common pleas court for judicial release in which he alleged that he had been a model prisoner for twenty-one years and that he had been rehabilitated. The state conceded that Curik had been rehabilitated but filed a brief in opposition asserting his ineligibility for judicial release. The trial court held a hearing where Curik's counsel discussed Curik's exemplary record as a prisoner. In a journal entry dated August 21, 2001, the trial court granted Curik's motion for judicial release. From that decision, the state now appeals, raising one assignment of error for our review. It states:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR JUDICIAL RELEASE PURSUANT TO R.C. 2929.20.
The state advances two positions before our court: first, relying onState v. Rush (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, the state argues that the trial court erred in applying the provision R.C. 2929.20 to Curik because he committed his crimes prior to the effective date of Am.Sub.S.B. No. 2; second, the state argues that, even if R.C. 2929.20
applies to crimes committed prior to July 1, 1996, Curik does not qualify as an "eligible offender" as that term is defined by subsection (A)(1) of that statute. Despite its contentions at oral argument before our court, the state referred to this as a "tragic case," acknowledged that Curik has been rehabilitated, and expressed the view that it did not understand why Curik had not been paroled in 1999. The state, nonetheless, appealed from the trial court's decision, seeking our review of the legal issues regarding the application of judicial release to his case and whether or not he qualifies as an eligible offender.
Curik argues to us that Rush is not controlling authority because that case is limited to the amended sentencing provisions of Am.Sub.S.B. No. 2, urging that judicial release is not a sentencing provision; he further maintains that the trial court properly followed R.C. 2929.20(H), which he claims authorized his judicial release.
In Rush, the court stated in its syllabus:
 2. * * * The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996.
We have previously determined that R.C. 2929.20, the statute authorizing judicial release, does not apply to prisoners who committed their crimes prior to the effective date of that statute. See State v.Johnson (2000), 139 Ohio App.3d 226, 743 N.E.2d 481; State v. Murphy
(Apr. 13, 2000), Cuyahoga App. No. 76849, unreported.
In Johnson, we stated at 229-230:
 * * * In Rush, the Supreme Court of Ohio held that the provisions of Am.Sub.S.B. No. 2, which include judicial release, apply only to those crimes committed on or after July 1, 1996, the effective date of the statute. Id. at paragraph two of the syllabus. The Supreme Court noted that Am.Sub.S.B. No. 269 specifically states that defendants who committed crimes before the effective date shall be sentenced under the law in existence at the time of the offense.
* * *
 Here, appellant committed the offense for which he was convicted in count one prior to July 1, 1996. Although he was sentenced after that date, the trial court applied the sentencing law in effect prior to July 1, 1996. The prospective application of Am.Sub.S.B. No. 2 denies appellant the benefit of judicial release under R.C. 2929.20. Construing Section 12 of Am.Sub.S.B. No. 269 strictly against the state and liberally in favor of appellant, however, appellant is eligible to be considered for shock probation under the former R.C. 2947.061
because he committed the offense prior to July 1, 1996. * * * (Emphasis added.)
More recently, in State v. Young (Nov. 29, 2001), Cuyahoga App. No. 79113 unreported, we stated:
 R.C. 2929.20 was enacted as part of Am.Sub.S.B. 2, effective July 1, 1996. The provisions of Am.Sub.S.B. No. 2 apply only to offenses committed after July 1, 1996. State v. Coffman (2001), 91 Ohio St.3d 125, 126, 742 N.E.2d 644; State v. Rush (1998), 83 Ohio St.3d 53, 697 N.E.2d 634; certiorari denied (1999), 525 U.S. 1151, 143 L.Ed.2d 58, 119 S.Ct. 1052; State v. Johnson (2000), 139 Ohio App.3d 226, 230, 743 N.E.2d 481. Therefore, because appellee was sentenced for crimes committed prior to July 1, 1996, the provisions of R.C. 2929.20 are not applicable to him. Accordingly, he was not eligible for judicial release pursuant to R.C. 2929.20. (Emphasis added.)
Our view that judicial release applies only to those who committed crimes after July 1, 1996 is in accord with at least six other appellate districts in this state: see, e.g. State v. Young (Feb. 5, 1999), Greene App. No. 98 CA 68, unreported (Second Appellate District); State v.Hartley (Jan. 31, 2000), Hocking App. Nos. 99CA09 and 99CA10, unreported (Fourth Appellate District); State v. Romine (Oct. 23, 2001), Muskingum App. No. CT-2001-0047, unreported (Fifth Appellate District); State v.Arquelles (Sept. 4, 1998), Erie App. No. E-98-023, unreported (Sixth Appellate District); State v. Brickey (Nov. 22, 2000), Medina App. No. 3066-M, unreported (Ninth Appellate District); State v. Becker (Jan. 8, 2001), Clermont App. No. CA2000-06-047, unreported (Twelfth Appellate District).
Arguing that judicial release is not a "sentencing provision," Curik claims that Rush is inapplicable because its syllabus is limited to "the amended sentencing provisions of Am.Sub.S.B. No. 2." This argument is not well taken. While appellate counsel artfully stressed the restrictive application of Rush, we have concluded that R.C. 2929.20 empowers a trial court to reduce the sentence of an eligible offender. A provision in the law which authorizes a judge to impose a sentence or to reduce a sentence is a sentencing provision. Our view here is also shared by the Ninth Appellate District in Brickey, supra, where the court noted:
 Under R.C. 2929.20, sentencing courts are permitted to reduce the sentences of eligible offenders through judicial release. (Emphasis added.)
Based on the foregoing, we have concluded that R.C. 2929.20 is an amended sentencing provision of Am.Sub.S.B. No. 2; however, this provision does not apply to Curik because he has been sentenced for crimes committed prior to July 1, 1996.
We have further considered the issue of whether Curik is an "eligible offender" as that term is defined in R.C. 2929.20(A)(1):
 (A) As used in this section, "eligible offender" means any person serving a stated prison term of ten years or less when either of the following applies:
 (1) The stated prison term does not include a mandatory prison term.
 (2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term.
In this case, the court originally sentenced Curik to a mandatory term of life imprisonment for aggravated murder pursuant to former R.C.2929.02(A); because this is a mandatory sentence and because it exceeds the ten-year limit prescribed in R.C. 2929.20(A), Curik is not an "eligible offender" as the judicial release statute defines that term.
Curik, however, maintains that he is eligible because the trial court carefully considered the factors in R.C. 2929.20(H)(1) prior to granting his request for judicial release. Subsection (H)(1) provides:
 A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense. (Emphasis added.)
We agree that the trial court made both of the requisite findings under subsections (a) and (b) and that the record supports these findings; however, R.C. 2929.20(H)(1) only applies to "eligible offenders," and, as we have previously observed, Curik is not an eligible offender as that term is defined in the judicial release statute.
We recognize that both the prosecutor and defense counsel described the denial of parole in this case as an unfortunate and tragic miscarriage of justice because both agree that Curik has been rehabilitated; while Curik may have other remedies available to him through further parole hearings or perhaps even commutation of sentence, nevertheless, our responsibility is to apply the law as written and not to impose our own views of what we think the law is or what we would like it to be. Here, in this case, we are constrained by prior reported decisions of our court and the plain language of the statute. Accordingly, we are obligated to reverse the judgment and remand the case for further proceedings consistent with our opinion.
Judgment reversed, matter remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and COLLEEN CONWAY COONEY, J. CONCUR